JS - 5

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 09-4035-GAF (DTB)**                                          Date: **March 14, 2013**

Title:  **Michael Humphrey v. Ken Clark, Warden**
==============================================================
**DOCKET ENTRY**
==============================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Deb Taylor | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:            ATTORNEYS PRESENT FOR RESPONDENT:
            None present                                                          None present

## PROCEEDINGS: ORDER REGARDING FURTHER BRIEFING

On June 5, 2009, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On July 27, 2009, respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed an Opposition to respondent's Motion on August 13, 2009.

On November 3, 2009, this Court issued a Report and Recommendation ("R&R") wherein it recommended that relief be denied and that the Petition be dismissed on the grounds that it was untimely, concluding that petitioner had not met his burden to show entitlement to equitable tolling for the belated filing of his habeas petition based on his alleged mental deficiencies. (R&R at 5-10.) The District Judge accepted the findings and conclusions of the R&R in full in an order dated January 12, 2010, and entered judgment dismissing the Petition on the same date.

Petitioner filed a timely notice of appeal from the judgment, and on January 14, 2013, the Ninth Circuit vacated the judgment, finding that, "[a]fter the district court entered judgment in this case, we decided Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), which provides a framework for determining whether a habeas petitioner is entitled to equitable tolling of the statute of limitations on the basis of a mental impairment." (Docket No. 45, Ninth Circuit's Mandate of January 14, 2013 and Memorandum of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.:   **CV 09-4035-GAF (DTB)** | **March 14, 2013** |
| **Michael Humphrey v. Ken Clark, Warden** | Page 2 |

------------------------------------------------------------

December 19, 2012.)  The Ninth Circuit remanded the case to the District Court for purposes of applying the test in Bills to determine petitioner's eligibility for equitable tolling based on mental impairment.  (Id.)

Having reviewed the Ninth Circuit's Mandate and Memorandum, the decision in Bills, and all the pleadings filed with respect to respondent's Motion to Dismiss, the Court is of the opinion that the Motion raises complex issues that may require an evidentiary hearing.  See Bills, 628 F.3d 1100 (explaining that a district court must determine whether the petitioner "has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing").  In light of the fact that the Petition contains only a single claim, relating to whether petitioner's statements to police should have been excluded based on an invalid Miranda waiver, the Court will, after reviewing the Return, the Reply, and assessing the merits of the claim, determine whether the interests of judicial economy are best served by addressing the claim on the merits or by holding an evidentiary hearing to determine whether the Petition is barred by the statute of limitations.  Cf. Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (holding that for reasons of judicial economy an appellate court may pass on deciding complicated procedural bar issues when a petition is "easily resolvable against the habeas petitioner" on other grounds); Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) ("[A]ppeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar.").

Based on the foregoing, IT IS HEREBY ORDERED that:

(1)  In accordance with the Ninth Circuit's Mandate of January 14, 2013 and its Memorandum of December 19, 2012, this matter is **reopened**;

(2)  Respondent shall file and serve his Return to the Petition no later than **April 11, 2013**;

(3)  Petitioner shall file and serve his Reply to the Return no later than **May 13, 2013**; and

(4) Except as set forth herein, the parties shall comply with all provisions of the Court's Order Requiring Response to Petition filed on June 26, 2009.

MINUTES FORM 11                                                                    Initials of Deputy Clerk dts
CIVIL-GEN