1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUMPHREY, | ) Case No. CV 09-4035-GAF (DTB) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER ACCEPTING FINDINGS, |
| | ) CONCLUSIONS AND |
| | ) RECOMMENDATIONS OF UNITED |
| R. T. C. GROUNDS, Warden, | ) STATES MAGISTRATE JUDGE |
| | ) |
| Respondent. | ) |
| | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendations of the Magistrate Judge.

With respect to petitioner's contention that the Magistrate Judge erred in supplying his own reasoning to assess the reasonableness of the state court's decision, as the Supreme Court has explained, "[t]o obtain habeas corpus relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Metrish v. Lancaster, 569 U.S. –, 133 S. Ct. 1781, 1786-87, 185 L. Ed. 2d 988 (2013) (quoting Harrington v. Richter, 562 U.S. –, 131

S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011)); Richter, 131 S. Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). A decision involves an "unreasonable application" of clearly established federal law under § 2254(d)(1) if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The "[p]ivotal question is whether the state court's application" of the Supreme Court precedent "was unreasonable[,]" Richter, 131 S. Ct. at 785, as opposed to incorrect or erroneous. Lockyer v. Andrade, 538 U.S. 63, 75, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S. Ct. at 786-87.

The Ninth Circuit has held that the relevant inquiry under the "unreasonable application" clause in Section 2254(d)(1) is whether the state court's decision, rather than its reasoning, was an "unreasonable application" of clearly established Supreme Court precedent. Tong Xiong v. Felker, 681 F.3d 1067, 1074 (9th Cir. 2012) ("We look to the state court's *decision*, as opposed to its reasoning, to determine whether it was an unreasonable application of clearly established Supreme Court precedent. . . . Our inquiry is strictly limited to whether the state court's application of clearly established Supreme Court precedent in its final decision was objectively unreasonable." (internal quotation marks and citations omitted)); Merced v. McGrath, 426 F.3d 1076, 1081 (9th Cir. 2005) ("it is the state court's decision, as opposed to its reasoning, that is judged under the 'unreasonable application' standard"); see also Johnson v. Williams, 568 U.S. –, 133 S. Ct. 1088, 1101, 185 L. Ed. 2d 105 (2013)

(Scalia, J., concurring) ("For what is accorded deference is not the state court's reasoning but the state court's judgment, which is presumed to be supported by whatever valid support was available."); Richter, 131 S. Ct. at 788 ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."); Hernandez v. Small, 282 F.3d 1132, 1140 (9th Cir. 2002) ("the intricacies of the state court's analysis need not concern us; what matters is whether the *decision* the court reached was contrary to controlling federal law"); accord Williams v. Roper, 695 F.3d 825, 831-32 (8th Cir. 2012) ("In reviewing whether the state court's decision involved an unreasonable application of clearly established federal law, we examine the ultimate legal conclusion reached by the court, not merely the statement of reasons explaining the state court's decision. . . . [T]he proper question is whether there is 'any reasonable argument' that the state court's judgment is consistent with Strickland." (internal citations omitted)), cert. denied, 134 S. Ct. 85 (2013); Clements v. Clarke, 592 F.3d 45, 56 (1st Cir. 2010) ("It is the result to which we owe deference, not the opinion expounding it."); Holder v. Palmer, 588 F.3d 328, 341 (6th Cir. 2009) ("The law requires such deference to be given even in cases, such as this one, where the state court's reasoning is flawed or abbreviated."); Searcy v. Jaimet, 332 F.3d 1081, 1089 (7th Cir. 2003) ("Under such a deferential regime, a reasonable state court judgment is one 'at least minimally consistent with the facts and circumstances of the case . . . even if it is not well reasoned or fully reasoned, or even if it is one of several equally plausible outcomes.'" (citation omitted)); Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." . . . [W]e conclude that our focus on the 'unreasonable application' test under Section 2254(d) should be the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence."); Cruz v. Miller,

3

255 F.3d 77, 86 (2d Cir. 2001) ("Although sound reasoning will enhance the likelihood that a state court's ruling will be determined to be a 'reasonable application' of Supreme Court law, deficient reasoning will not preclude AEDPA deference, at least in the absence of an analysis so flawed as to undermine confidence that the constitutional claim has been fairly adjudicated." (internal citations omitted)); Hennon v. Cooper, 109 F.3d 330, 334-35 (7th Cir. 1997) (Posner, J.) ("Another way to take 'unreasonable' in the new law, however, is as having reference to the quality of the reasoning process articulated by the state court in arriving at the determination. . . . But we do not think the approach is correct.  It would place the federal court in just the kind of tutelary relation to the state courts that the recent amendments are designed to end."); Brian R. Means, Federal Habeas Manual § 3:70 (2014) ("Circuit courts are generally in agreement that § 2254(d)(1)'s 'unreasonable application' clause should be applied only to the *result* of a state decision; federal courts are not to scrutinize the *reasoning* applied by state courts in reaching their decisions."); but see Frantz v. Hazey, 533 F.3d 724, 738 n.15 (9th Cir. 2008) (en banc) ("In the related context of 'unreasonable application' errors . . . the Supreme Court has focused its analysis on state courts' actual reasoning rather than hypothetical alternative lines of analysis.").

In his Objections ("Obj."), petitioner cites to Hedlund v. Ryan, 750 F.3d 793, 836 n.11 (9th Cir. 2014) for the proposition that federal courts "should not evaluate . . . hypothetical arguments when assessing a state court's denial of a habeas petition that actually relied on a lower court's reasoning. . . . Thus, we should look only to the state PCR court's actual reasoning to determine whether it was an unreasonable application of clearly established Supreme Court case law."  (Obj. at 4-5.)  However, the excerpt cited by petitioner was not part of the Ninth Circuit's holding; it rather, was taken from Judge Wardlaw's dissenting opinion, in which she objected to the majority's reliance on arguments not found in the state court's decision.  See Hedlund, 750 F.3d at 836 n.11 (Wardlaw, J., concurring in part and dissenting in part) ("The

4

majority also relies on arguments not found in the state PCR court's decision to conclude that counsel's performance was not deficient.  Although we are required to evaluate *all* reasonable arguments that a state court *could have* relied upon when assessing a state high court's summary denial of original habeas petitions, see Richter, 131 S.Ct. at 784, we should not evaluate such hypothetical arguments when assessing a state court's denial of a habeas petition that *actually relied* on a lower court's reasoning.").   Thus, petitioner's reliance on Hedlund is misplaced; indeed, the majority opinion states that the inquiry under the "unreasonable application" clause considers the state court's decision (as opposed to the reasoning) (750 F.3d at 799).[1]

Moreover, the Supreme Court reversed a Third Circuit decision granting a 2254 habeas writ, finding that the circuit had failed to consider all of the grounds supporting the state court's decision. Wetzel v. Lambert, 565 U.S. –, 132 S. Ct. 1195, 1199, 182 L. Ed. 2d 35 (2012) (per curiam) ("Any retrial here would take place *three decades* after the crime, posing the most daunting difficulties for the prosecution.  That burden should not be imposed unless *each* ground supporting the state court decision is examined and found to be unreasonable under AEDPA."); see also Parker v. Matthews, 567 U.S. –, 132 S. Ct. 2148, 2152, 183 L. Ed. 2d 32 (2012) (per curiam) (Because one of the grounds for denying the defendant's sufficiency of the evidence claim was sufficient, "it [was] irrelevant that the court also invoked a ground of

---

[1]       Petitioner indicates that the Supreme Court's holding in Richter that federal habeas courts must determine what arguments or theories "could have supported" the state court's decision was limited to decisions where there was no reasoned state court decision.  The Court notes, however, that a recent Ninth Circuit decision cited this proposition in a case involving a reasoned state court decision.  See Gulbrandson v. Ryan, 738 F.3d 976, 987 (9th Cir. 2013) (as amended) ("'[A] habeas court must determine what arguments or theories supported or . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.'" (quoting Richter, 131 S. Ct. at 786)), cert. denied, 134 S. Ct. 2823 (2014).

1  questionable validity."). Here, even assuming that the Court is limited to examining
2  the reasons articulated by the state court for rejecting petitioner's claim, the Court
3  finds and concludes that the state courts' rejection of petitioner's claim did not involve
4  an unreasonable application of clearly established federal law, as determined by the
5  United States Supreme Court. The court of appeal concluded that substantial evidence
6  supported the trial court's finding that, "based on all the evidence before it,
7  [petitioner] understood his rights and voluntarily waived them." (Lodgment No. 5 at
8  6.) The court of appeal explained that "[i]t was particularly significant that, when
9  [petitioner] was advised of his rights at the police station on the night before Trentini
10  interviewed him, he invoked his rights, and questioning ended. Indeed, when Dr.
11  Cowardin was presented with that fact, her position changed. [Petitioner] knew he did
12  not have to talk to Trentini or Anderson, as he refused to talk to the arresting officer
13  following his arrest." (Id.) This conclusion was reasonable. As the Magistrate Judge
14  noted, Officer Alex Gabaldon ("Gabaldon") testified that he read petitioner his
15  Miranda rights the day before petitioner confessed to Trentini, and petitioner indicated
16  that he understood those rights and declined to speak to Gabaldon. (R&R at 23.) The
17  Magistrate Judge further explained (id.):

18  > Nothing from Gabaldon's testimony showed that petitioner did not
19  > understand his rights when he consciously chose to invoke them.
20  > Cowardin expressed surprise during her testimony when she learned that
21  > petitioner had previously invoked his right to remain silent, and
22  > conceded that under such circumstances, it appeared he understood his
23  > rights and, thus, could waive them.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

6

Because this basis for the state courts' decision was reasonable, it follows that the state courts' rejection of petitioner's claim does not entitle him to habeas relief.[2]  See Wetzel, 132 S. Ct. at 1199 (holding that habeas relief cannot be granted "unless *each* ground supporting the state court decision is examined and found to be unreasonable under AEDPA").

Additionally, with respect to petitioner's contention that the state court failed to consider several factors in its analysis of the "totality of the circumstances," the Court notes that "a state court need not make detailed findings addressing all the evidence before it." Miller-El v. Cockrell, 537 U.S. 322, 347, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); see also Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir. 2004) ("[W]e are mindful that the state courts are not required to address every jot and tittle of proof suggested to them, nor need they 'make detailed findings addressing all the evidence before [them].'" (quoting Miller-El, 537 U.S. at 347)).  "[A] state court's fact-finding process is unreasonable under § 2254(d)(2) only if [the federal habeas court is] 'satisfied that *any* appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" Gulbrandson, 738 F.3d at 987 (citation omitted).  Here, the Court finds and concludes that the state courts' rejection of petitioner's claim was not based on an unreasonable determination of the facts in light of the evidence presented.

Finally, the Court notes that petitioner does not accurately summarize the factual record with respect to the court of appeal's finding that petitioner "invoked his rights" when he was initially questioned by Gabaldon.  According to petitioner, the record showed (Obj. at 8-9):

/ / /

/ / /

---

[2]    The Court further addresses petitioner's characterization of this evidence below.

Officer Gabaldon read [petitioner] the <u>Miranda</u> advisement, then asked him "Having these rights in mind, do you wish to talk to me?" (1 RT A62.) [Petitioner] replied, "No." (1 RT A62.) At most, this evidence supports the conclusion that, during the first interview, [petitioner] understood that he did not have to talk to Officer Gabaldon. Cloaking [petitioner's] refusal to speak with Gabaldon as an invocation of rights prevented the state court from considering whether [petitioner] understood both his rights and the consequences of waiving them.

However, petitioner was not merely asked whether he wished to speak to Gabaldon. Gabaldon expressly testified that he asked petitioner if he understood each of the <u>Miranda</u> rights, and petitioner responded, "Yes." (1 Reporter's Transcript on Appeal ["RT"] A61-62.)[3] Thus, the evidence supported a finding that petitioner understood his rights and waived them.

_____

[3]    In particular, Gabaldon testified, in pertinent part, as follows (1 RT A61-62):

Q.    Can you please read the rights that you read to [petitioner] on that particular date and time?
A.    Yes. [¶] It says, "You have a right to remain silent. Anything you say can and will be used against you in a court of law.["] [¶] "You have the right to talk with an attorney and to have an attorney present before and during questioning.["] [¶] "If you cannot afford an attorney, one will be appointed free of charge to represent you before and during questioning if you desire." [¶] And then I asked him the question: "Do you understand each of these rights that I explained to you? Having these rights in mind, do you wish to talk to me?"
Q.    Going back to the first question, you asked [petitioner] if he understood each of those rights; is that correct?
A.    That's correct.
Q.    What, if anything, was his response?
A.    He said, "Yes."

8

1        IT THEREFORE IS ORDERED that Judgment be entered denying the Petition

2   and dismissing this action with prejudice.

3

4   DATED: September 15, 2014

5                                        _____
                                         GARY A. FEESS
                                         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28